# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

| | | |
|---|---|---|
| DAVID MICHAEL SLAUGHTER, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:15-cv-90 |
| | * | |
| v. | * | |
| | * | |
| GEORGIA DEPARTMENT OF | * | |
| CORRECTIONS; HOMER BRYSON; TOM | * | |
| GRAMIAK; JOHN BOYETT; EDWINA | * | |
| JOHNSON; LT. CROSBY; SGT. NUNN; | * | |
| MR. KICKLIGHTER; MR. SWARDS; MR. | * | |
| STEWART; NURSE BRAD; MS. | * | |
| BENNETT, NURSE; MR. PRATT, SGT.; | * | |
| MR. COX, UNIT MANAGER; MR. | * | |
| ADAMS, CAPTAIN; MS. JENKINS, | * | |
| CORRECTIONAL OFFICER, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are the Magistrate Judge's March 4, 2016, Report and Recommendation, dkt. no. 12, to which Plaintiff has filed an Objection, dkt. no. 15, and Plaintiff's Motion to Supplement the Complaint, dkt. no. 17. The Court **GRANTS** Plaintiff's Motion to Supplement the Complaint. However, for the reasons set forth below, after an independent and *de novo* review of the record, including Plaintiff's Supplemented Complaint, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Court **ADOPTS** the

Report and Recommendation of the Magistrate Judge, as supplemented herein, as the opinion of the Court and **OVERRULES** Plaintiff's Objection.

Therefore, the Court **DENIES** Plaintiff's requests for preliminary injunctive relief and his Motion for a Temporary Restraining Order, dkt. no. 9. Additionally, the Court **DISMISSES**: (1) Plaintiff's Section 1983 claims for monetary damages against Defendants in their official capacities; (2) all claims against Defendants Bryson and Boyett; (3) his stand-alone verbal threats claims against all Defendants; and (3) his retaliation claims against all Defendants except Defendants Gramiak and Johnson.

## BACKGROUND

Plaintiff, a prisoner at Ware State Prison in Waycross, Georgia, alleges that Defendants have violated his rights arising under the Americans with Disabilities Act ("ADA"), the First Amendment, and the Eighth Amendment of the United States Constitution. Dkt. No. 1. Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint. Dkt. No. 12. In the resulting Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities, as well as Plaintiff's supervisory liability claims, stand-alone verbal threats claims,

2

and his retaliation claims against all Defendants except Defendants Gramiak and Johnson. Id. at p. 1. The Magistrate Judge also recommended that the Court deny Plaintiff's Motion for a Temporary Restraining Order. Id.

However, the Magistrate Judge found that Plaintiff's allegations arguably state colorable claims for violations of the Americans with Disabilities Act against the Georgia Department of Corrections. Id. at p. 2. Additionally, the Magistrate Judge concluded that Plaintiff stated viable claims under 42 U.S.C. § 1983 against Defendants Tom Gramiak, Edwina Johnson, Lt. Crosby, Sgt. Nunn, Mr. Kicklighter, Mr. Swards, Mr. Stewart, Nurse Brad, and an Unidentified Female Contract Nurse.[1] Id.

Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation on March 11, 2016. Dkt. No. 15. Plaintiff objects only to the Magistrate Judge's recommendation that the Court deny his Motion for a Temporary Restraining Order. On March 21, 2016, Plaintiff also moved to supplement his Complaint. Dkt. No. 17. In his Motion to Supplement, Plaintiff requests that the Court add additional defendants to his Complaint. Id.

---

[1] On March 16, 2016, Plaintiff informed the Court that the Unidentified Female Nurse's name is "Ms. Bennett." Dkt. No. 16, p. 1.

3

# DISCUSSION

## I. Plaintiff's Motion to Supplement his Complaint

In this Motion, dated March 21, 2016, Plaintiff requests the Court's permission to amend his Complaint so as to add new Defendants relating to the conditions of his confinement. Dkt. No. 17. Plaintiff's Motion sets forth the proposed supplement with a list of Ware State Prison staff members as additional Defendants: Ms. Ritter, Sergeant Pratt, Unit Manager Mr. Cox, Captain Adams, and correctional officer Ms. Jenkins. Id. at pp. 1-2. The proposed supplement recounts events in which Ms. Ritter allegedly retaliated against Plaintiff for filing prior grievances, as well as this Section 1983 Complaint. Id. In his Motion, Plaintiff also alleges that Sergeant Pratt, Unit Manager Mr. Cox, Captain Adams, and Ms. Jenkins have violated his rights under the Eighth Amendment by exhibiting deliberate indifference to his safety. Id. at p. 2. Plaintiff alleges that, since filing his original Complaint, these defendants, like the previously named defendants, have forced him to walk in unsafe conditions, though he is physically impaired. Id.

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") provides that a party "may amend its pleading once as a matter of course" either within twenty-one days after serving it or within twenty-one days after service of a required responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Once this time

4

has passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Notably, nothing in the Prison Litigation Reform Act repeals Rule 15(a). Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004). Indeed, the Court of Appeals for the Eleventh Circuit has held that a prisoner plaintiff has a right to amend his complaint as a matter of course under Rule 15(a) when "he ha[s] filed his motion to amend before the district court ha[s] dismissed his complaint and before any responsive pleadings ha[ve] been filed." Stringer v. Jackson, 392 F. App'x 759, 760-61 (11th Cir. 2010) (citing Brown, 387 F.3d at 1349). Because the Prison Litigation Reform Act also "does not preclude a district court from granting a motion to amend" under Rule 15(a), the Court has ruled that it is an abuse of discretion to deny a motion filed under those circumstances. Brown, 387 F.3d at 1349 (reversing district court's denial of prisoner

5

plaintiff's motion to amend Section 1983 complaint, because it was filed before complaint was dismissed and before responsive pleadings were filed); see also Stringer, 392 F. App'x at 761 (same).

Because Plaintiff filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, Plaintiff has the right to amend his complaint under Rule 15(a). See Brown, 387 F.3d at 1349. Accordingly, the fact that the Magistrate Judge has already conducted a frivolity review of Plaintiff's Complaint and issued a Report and Recommendation does not deprive Plaintiff of his right to amend. Id.

Thus, Plaintiff's Motion, dkt. no. 17, is **GRANTED**, and his Complaint, dkt. no. 1, is deemed amended to include the additional content proposed in his Motion to Supplement. The Clerk of Court is hereby **DIRECTED** to docket plaintiff's pleading, dkt. no. 17, under the title "Supplement to Complaint." Additionally, having reviewed Plaintiff's Amended Complaint, he sets forth plausible claims against these new Defendants. Specifically, he asserts plausible retaliation claims against Defendant Ritter and plausible Eighth Amendment and ADA claims against Defendants Pratt, Cox, Adams, and Jenkins. Accordingly, the Court **DIRECTS** the Clerk of Court to add the following individuals to the list of Defendants on the

docket sheet of this case: Mr. Pratt, Sgt.; Mr. Cox, Unit Manager; Mr. Adams, Captain; Ms. Jenkins, Correctional Officer. Additionally, with Plaintiff having provided the name "Ms. Bennett" for the Defendant previously known as "Unidentified Female Nurse", the Clerk of Court is **DIRECTED** to change the name of this Defendant to Ms. Bennett, Nurse.

## II. The Magistrate Judge's Report and Recommendation and Plaintiff's Objection

In the Report and Recommendation, dkt. no. 12, the Magistrate Judge concluded, among other things, that the Court should deny Plaintiff's Motion for a Temporary Restraining Order, to which Plaintiff filed an Objection, dkt no. 15. Plaintiff only objected to this portion of the Report. In reviewing the Report and Recommendation, the Court has conducted a *de novo* review of the entire record. That review has included the assertions contained in the Motion to Supplement and those contained in Plaintiff's Objections. Those contentions fail to establish that Plaintiff has satisfied the prerequisites for a temporary restraining order or a preliminary injunction. Thus, for the reasons stated by the Magistrate Judge, the Court **OVERRULES** Plaintiff's Objection and **DENIES** Plaintiff's Motion for a Temporary Restraining Order.

## CONCLUSION

For the reasons and in the manner set forth above, the Court **GRANTS** Plaintiff's Motion to Supplement his Complaint and

7

**ADOPTS** the Report and Recommendation of the Magistrate Judge and.

Additionally, the Court **DIRECTS** the United States Marshal to serve Defendants Mr. Pratt, Sgt.; Mr. Cox, Unit Manager; Mr. Adams, Captain; Ms. Jenkins, Correctional Officer; and Ms. Bennett, Nurse, with a copy of Plaintiff's Complaint, dkt. no. 1, the Magistrate Judge's Report and Recommendation, dkt. no. 12, Plaintiff's Motion to Supplement, dkt. no. 17, and this Order. Because Plaintiff is proceeding in forma pauperis, the Court directs that service be effected on these Defendants by the United States Marshal. Fed. R. Civ. P. 4(c)(3). These Defendants are directed to read and follow the instructions included in the Magistrate Judge's Report and Recommendation.

**SO ORDERED**, this 10 day of May, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA