# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DAVID MICHAEL SLAUGHTER,

    Plaintiff,

v.

GEORGIA DEPARTMENT OF CORRECTIONS; TOM GRAMIAK; JOHN BOYEU; EDWINA JOHNSON; LT. CROSBY; SGT. NUNN;MR. KICKLIGHTER; MR. SWARDS; MR. STEWART; NURSE BRAD; MS. BENNETT, NURSE; MR. PRATT, SGT.; MR. COX, UNIT MANAGER; MR.ADAMS, CAPTAIN; and MS. JENKINS, CORRECTIONAL OFFICER,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-90

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently an inmate at Ware State Prison in Waycross, Georgia, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1.) In his Complaint, Plaintiff contested certain conditions of his confinement. Following frivolity review of Plaintiff's Complaint, Plaintiff filed a Motion for Declaratory Judgment. For the reasons which follow, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Declaratory Judgment, (doc. 31).

## BACKGROUND[1]

On November 17, 2015, Plaintiff filed the instant Complaint in which he alleged various claims against multiple defendants. (Doc. 1.) In his Complaint, Plaintiff alleges that on February 28, 2015, Defendant Sergeant Nunn and Defendant Correctional Officers Stewart,

---

[1] The Court takes the following facts from Plaintiff's Complaint and construes them as true, as it must at this stage.

Kicklighter, and Swards approached Plaintiff, a disabled person, in his dormitory and jerked him away from his walking impairment device. Defendants then placed Plaintiff in handcuffs and he had a seizure. (Doc. 1, p. 5.) Plaintiff woke from the seizure in the prison's infirmary, where prison staff had placed restraints on his arms and legs. (Id.) According to Plaintiff, Defendants Nunn, Stewart, Kicklighter, and Swards then choked, kicked, punched, and verbally abused him. (Id.) Plaintiff contends that he was then placed in solitary confinement without receiving medical care for his injuries. Shortly thereafter, Plaintiff filed grievances pertaining to his encounter with Defendants Nunn, Stewart, Kicklighter, and Swards and his lack of medical treatment. Plaintiff alleges that prison staff then retaliated against him in response to his filing of grievances. (Id.) Specifically, Plaintiff claims that prison staff now forces Plaintiff to use his walker on unsafe walkways, warns him daily that he will "get what's coming" to him, and threatens him with death. (Id.) He claims that he has complained of this conduct to Defendants Gramiak and Johnson but that they have ignored his requests for assistance.

Following frivolity review, the Court dismissed, *inter alia*, Plaintiff's retaliation claims against all defendants except Defendants Gramiak and Johnson. (Doc. 29, p. 2.) On March 21, 2016, Plaintiff filed a Motion to Supplement his Complaint, in which he sought to add retaliation claims against Defendants Ritter, Pratt, Cox, Adams, and Jenkins, (doc. 17), which the Court granted in its Order dated May 11, 2016, (doc. 29). On June 3, 2016, Plaintiff filed a Motion for Declaratory Judgment in which he alleges that Defendants Adams, Gramiak, Kicklighter, Ritter, and Pratt subject him to locker searches and strip searches and destroy his legal research materials and filings prepared for the Court in retaliation for his utilization of the grievance system. (Doc. 31, p. 1.) Plaintiff also alleges that prison officials have retaliated against him by issuing false disciplinary reports and sentencing him to three weeks in prison keep. (Id.)

2

Plaintiff further claims that Defendants continue to force him to walk in unsafe areas in violation of the Americans with Disabilities Act. (Id.) Plaintiff requests this Court enter a judgment declaring that the acts and omissions of the Defendants violate the Constitution and the laws of the United States. (Doc. 31.)

## DISCUSSION

**I.    Motion for Declaratory Judgment**

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction[.]" Mata v. Sec'y of Dep't of Homeland Sec., 426 F. App'x 698, 699 (11th Cir. 2011) (quoting Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989)). A party who is seeking to invoke the court's jurisdiction "must show: '(1) that [he] personally [has] suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision.'" Am. Ins. Co. v. Evercare Co., 430 F. App'x 795, 798 (11th Cir. 2011) (quoting GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995)). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (internal citation and punctuation omitted).

As discussed in the Court's previous Order, Plaintiff has set forth facts which plausibly allege retaliation claims against Defendants Gramiak, Johnson, Ritter, Pratt, Cox, Adams, and Jenkins, as well as claims under the Americans with Disabilities Act. Nevertheless, Plaintiff has not shown that he is likely to receive a favorable decision in this case.[2] Instead, Plaintiff has merely set forth an arguable claim for relief. Moreover, Plaintiff has not explained in his Motion what rights or legal relationships he seeks the Court to declare. Additionally, he has not shown how any favorable decision at this point will redress any injury. The Court should, therefore, **DENY** Plaintiff's Motion for Declaratory Judgment.

Moreover, to the extent the Court could construe Plaintiff's Motion as a Motion for a Preliminary Injunction, the Court should also deny that request. To be entitled to a preliminary injunction or a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with

---

[2] Furthermore, the Court has already dismissed Plaintiff's retaliation claims against Defendant Kicklighter. Plaintiff may not reassert this retaliation claim through his Motion for Declaratory Judgment.

4

prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to a preliminary injunction or declaratory judgment at this stage. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims. This is not to say that Plaintiff will not be able to ultimately obtain some form of injunctive relief in this case. However, he has not made the requisite showing at this time to obtain the extraordinary relief he currently seeks. Therefore, the Court should **DENY** his Motion.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis.* Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . . may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]"). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is

filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiffs' Motion for Declaratory Judgment, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Declaratory Judgment. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA