# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DAVID MICHAEL SLAUGHTER,

    Plaintiff,

v.

HOMER BRYSON, et al.,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-90

## O R D E R

This matter comes before the Court on the United States Marshal's Return of Service as Unexecuted for Defendants Stewart, Swards, and Bennett. For the reasons and in the manner set forth below, the Court **DIRECTS** the United States Marshal to make reasonable efforts to locate and personally serve Defendants Stewart, Swards, and Bennett.

## BACKGROUND

Plaintiff filed this action on November 17, 2015, against numerous Defendants contesting the conditions of his confinement at Ware State Prison in Waycross, Georgia. (Doc. 1.) In his Complaint, as supplemented, Plaintiff alleged that Defendants have violated his rights arising under the Americans with Disabilities Act, ("ADA"), the First Amendment, and the Eighth Amendment of the United States Constitution.

On March 4, 2016, the Court conducted the requisite frivolity review of Plaintiff's Complaint. (Doc. 12.) Therein, I concluded that Plaintiff set forth viable: ADA claims against the Georgia Department of Corrections; excessive force claims against Defendants Nunn, Kicklighter, Swards, and Stewart; a failure to intervene claim against an unidentified female

nurse; deliberate indifference claims against Defendants Gramiak, Johnson, Nunn, Stewart, Kicklighter, Swards, Nurse Brad, and an unidentified female nurse; and retaliation claims against Defendants Gramiak and Johnson and ordered the United States Marshal to serve Plaintiff's Complaint on these nine Defendants. (Id.) On May 11, 2016, the Court granted Plaintiff's Motion to Amend his Complaint to add retaliation claims against Defendant Ritter, as well as Eighth Amendment and ADA claims against Defendants Pratt, Cox, Adams, and Jenkins. (Doc. 29.) In that Order, the Court directed the United States Marshal to serve Defendants Pratt, Cox, Adams, Jenkins, and Bennett with a copy of Plaintiff's Complaint, the Report and Recommendation dated March 4, 2016, Plaintiff's Motion to Supplement, and the Court's Order, (doc. 29).[1] On November 8, 2016, service upon Defendants Stewart, Swards, and Bennett was returned as unexecuted.[2] (Docs. 48–51.)

## DISCUSSION

Courts assist inmate plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service. See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons v. Prison Health Servs. Inc., No. CV408-239,

---

[1] Though Plaintiff did not allege additional claims against Defendant Bennett in his Motion to Amend, he properly identified Defendant Bennett in that pleading after previously identifying her as "unidentified female nurse." Accordingly, the Court ordered the United States Marshal to serve Plaintiff's Complaint on Defendant Bennett on May 11, 2016. (Doc. 29, p. 8.)

[2] Service was also returned as unexecuted as to Defendant Brad Hickox. (Doc. 51.) However, this Defendant filed a Waiver of Service of Summons on March 28, 2016, and indicated that he had received a copy of Plaintiff's Complaint. (Doc. 18.)

2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner proceeding *in forma pauperis* in Section 1983 action to provide current address for defendant so that process could be served, despite being warned that failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (*pro se in forma pauperis* prisoner was not entitled to a continuance so that service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem). Nevertheless, where an incarcerated plaintiff attempts to obtain a defendant's address for service but is unable to do so, courts can provide additional assistance. See, e.g., Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (overturning dismissal for failure to serve where service ineffective at address provided by the attorney general but plaintiff sought to conduct additional discovery); Brooks v. Munoz, No. 10CV0277 JAH(NLS), 2010 WL 2523939, at *1 (S.D. Cal. June 21, 2010) (ordering deputy attorney general assigned to case to provide court with address where defendant could be served).

Here, Plaintiff has not entirely ignored his obligation to provide a current address where Defendants Stewart, Swards, and Bennett may be served. Plaintiff identified these Defendants in his Complaint on November 17, 2015, and provided the address of their place of employment. However, it appears that these Defendants are no longer employed at Ware State Prison.[3] Given Plaintiff's incarcerated status, he is unable to identify the current places of employment or residential addresses of Defendants Stewart, Swards, and Bennett through no fault of his own. Given these extenuating circumstances, the Court **ORDERS** the United States Marshal to make a

---

[3] Although a prison official received the certified mail containing waiver of service sent by the United States Marshals on March 14, 2016, service was returned unexecuted on November 8, 2016.

reasonable effort to locate Defendants Stewart, Swards, and Bennett and to personally serve them with a copy of Plaintiff's Complaint, (doc. 1), as well as this Order and Documents Numbered 12 and 29. Moreover, the Court finds good cause to extend the time period for service to December 1, 2016. Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to timely serve the complaint], the court must extend the time for service for an appropriate period."). By that date, the Marshal shall update the Court on his efforts to serve Defendants Stewart, Swards, and Bennett.

The Court expects that the Marshal's efforts to serve Defendants Stewart, Swards, and Bennett will include contacting representatives of the Georgia Department of Corrections and/or the Georgia Attorney General's Office to obtain Defendants' last known addresses. Accordingly, the Court **ORDERS** those entities to provide the United States Marshal with Defendants Stewart, Swards, and Bennett's last known addresses and any other information it may have regarding these Defendants' whereabouts. Additionally, given the inherent security concerns surrounding Defendants' personal information, the United States Marshal shall not publicly disclose any information regarding their residences or locations and shall redact any such information from any materials filed on the docket in this case.

The Court notes that this assistance is an extraordinary remedy employed only due to the facts of this case. Such assistance has not been and will not be the regular practice of this Court. Further, Plaintiff is forewarned that he ultimately has the responsibility for serving Defendants Stewart, Swards, and Bennett, and, if these efforts are unsuccessful, the Court will dismiss his claims against these Defendants. See Penton v. Nunez, No. 2:11-CV-0518 GEB KJN, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H-

08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.")

## CONCLUSION

For reasons and in the manner set forth above, the Court provides additional assistance to Plaintiff to achieve service in this case. Specifically, the Court **DIRECTS** the United States Marshal to make reasonable efforts to locate and personally serve Defendants Stewart, Swards, and Bennett, as set forth in this Order.

**SO ORDERED**, this 15th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA