## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

DAVID MICHAEL SLAUGHTER,

        Plaintiff,

    v.

TOM GRAMIAK, et al.,

        Defendants.

CIVIL ACTION NO.: 5:15-cv-90

## **O R D E R**

This matter is before the Court on Defendants Swords[1] and Stewart's Motions to Set Aside Default. (Docs. 62, 64.) Defendants Swords and Stewart were each personally served by the United States Marshals Service on December 13, 2016, and January 6, 2017, respectively. (Docs. 53, 54, 56.) By operation of law, both Defendants Swords and Stewart have entered into default for not timely answering or otherwise defending against Plaintiff's Complaint. Plaintiff, however, has neither moved for an entry of default nor responded to the present Motions. In addition, the Clerk of Court has yet to enter Defendants Swords and Stewart's respective defaults.

For the reasons set forth below, the Court **GRANTS** Defendant Swords and Stewart's Motions to Set Aside Default, (docs. 62, 64), and **SETS ASIDE** each Defendant's default. Defendants Swords and Stewart may proceed in defending against this action on the merits.

---

[1] In his Motion to Set Aside Default, Defendant Swords has corrected his name. (Doc. 62-1, p. 1 n.1.) Accordingly, the Court **AUTHORIZES** and **DIRECTS** the Clerk of Court to change the name of Defendant Swards to Swords upon the docket and record of this case.

## BACKGROUND

On March 4, 2016, I conducted the requisite frivolity review of Plaintiff's Complaint and ordered service to be effected on Defendants Swords and Stewart, among others. (Docs. 11, 12.) On April 6, 2016, several Defendants timely returned service waivers but not Defendants Swords and Stewart. (See Docs. 18–24, 48, 49.) Thereafter, in light of their failure to waive service, I ordered the United States Marshals Service to personally serve Defendants Swords and Stewart, among others, (doc. 53), and each of these Defendants was, in fact, personally served, (docs. 54, 56; see also doc. 62-2, p. 2; doc. 65-1, p. 2). After being personally served, neither of these Defendants filed an answer or otherwise defended against Plaintiff's cause of action.[2]

## DISCUSSION

Defendant Swords avers that, after being personally served, he contacted Ware State Prison ("WSP"), his former employer and where the alleged cause of action arose, about this matter. (Doc. 62-2, p. 2.) He was told that an attorney was representing certain current and former WSP employees in this case but that he needed to complete some paperwork as to his representation; Defendant Swords never completed this paperwork. (Id. at pp. 2–3.) Defendant Swords contends this was an "oversight" and not intended to avoid service or cause delay. (Id.) Defendant Swords further avers that he has not willfully ignored any deadlines and that he has a meritorious defense to this action. (Id.)

Defendant Stewart avers that, after being personally served, he did not contact WSP or the Georgia Department of Corrections because he was not aware that he needed to do so. (Doc. 65-1, p. 2.) Defendant Stewart also never completed any paperwork as to his

---

[2] Several Defendants moved to dismiss Plaintiff's Complaint, but that Motion to Dismiss was not filed on behalf of Defendants Swords and Stewart. (Doc. 41-1, p. 1 & n.1.)

representation in this matter due to an "oversight" on his part, but he contends that he has not intentionally avoided service or endeavored to delay this case. (Id. at p. 3.) Defendant Stewart further avers that he has not willfully ignored any deadlines and that he has a meritorious defense to this action. (Id.)

Collectively, Defendants Swords and Stewart argue their default should be set aside because it arose out of a misunderstanding of their obligations in defending against this action. (Doc. 62-1, pp. 4–5; Doc. 65, pp. 4–5.) Furthermore, counsel for these Defendants avers that "inadvertence and oversight" by her caused them to enter into default because she did not discern their being served, despite the constructive notice imparted by the docket, until the Court's March 20, 2018 Report and Recommendation which highlighted this issue. (Id.) In addition to not being willful or intentional, Defendants Swords and Stewart contend their default should be set aside because any prejudice to Plaintiff in doing so will only be minimal, as there has been no answer filed or discovery yet conducted. (Id.)

## I.     Standard for Setting Aside a Default

A defendant who does not timely answer or otherwise defend against a cause of action brought against him falls into default. Fed. R. Civ P. 55(a); see also Fed. R. Civ. P. 12 (defendants have 21 days to answer or defend after being personally served). Under Rule 55, "the court may set aside an entry of default for good cause" prior to a default judgment being entered." Fed. R. Civ. P. 55(c); see Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988) (explaining that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside a default, while the more stringent provisions of Rule 60(b) apply only when a judgment has been entered). While the "good cause" standard varies depending on the

facts of a particular case, general guidelines are frequently applied. Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted).

In determining whether there is "good cause" to set a default aside, courts have considered: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." SEC v. Johnson, 436 F. App'x 939, 945 (11th Cir. 2011) (per curiam) (citing Compania, 88 F.3d at 951–52). Importantly, courts in the Eleventh Circuit "view defaults with disfavor" due to the "strong policy of determining cases on their merits." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (citations omitted). However, where "a party willfully defaults by displaying either an intentional or reckless disregard" for judicial proceedings, the court may properly deny a motion to set aside the default. Compania, 88 F.3d at 951–52 (citation omitted).

## II. Defendant Swords' Motion to Set Aside Default (Doc. 62)

In this case, Defendant Swords has established good cause to set aside his default. The Court finds that Defendant Swords' failure to answer or defend was neither culpable nor willful. While Defendant Swords could have more diligently ensured his representation in this matter, he has shown that he was no longer an employee of WSP at the time of service and that he contacted WSP officials about this matter, (doc. 62-2, pp. 2–3). Additionally, his counsel shoulders the blame for his default, (doc. 62-1, p. 5 & n.4), and her slight error, which she acted promptly to remedy, should not deprive Defendant Swords of an opportunity to defend this case on the merits. Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam). Moreover, Defendant Swords disputes the allegations made against him by Plaintiff and

indicates that he may have other meritorious defenses to assert. (Doc. 62-1, pp. 5–6.) Finally, the Court finds Plaintiff, who has not opposed this Motion, will suffer little prejudice in setting aside this default because no answer has yet been filed and discovery has not commenced.

Accordingly, finding good cause, the Court **GRANTS** Defendant Swords' Motion to Set Aside Default and **DIRECTS** the Clerk of Court to **SET ASIDE** his default.

## III. Defendant Stewart's Motion to Set Aside Default (Doc. 64)

Likewise, Defendant Stewart has established good cause to set aside his default. The Court finds that Defendant Stewart's failure to answer or defend was neither culpable nor willful. While Defendant Swords should have more diligently ensured his representation in this matter, he has shown that he was no longer an employee of WSP at the time of service, (doc. 65-1, pp. 2–3). Defendant Stewart incorrectly assumed he did not need to contact WSP officials about the legal documents he was served, but he did call the Marshals Service to confirm receipt of process, (id.), showing, at worst, negligence on his part. Additionally, his counsel shoulders the blame for his default, (doc. 65, p. 5 & n.3), and her slight error, which she acted promptly to remedy, should not deprive Defendant Stewart of an opportunity to defend this case on the merits. Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam). Moreover, Defendant Stewart disputes the allegations made against him by Plaintiff and indicates that he may have other meritorious defenses to assert. (Doc. 65, p. 5.) Finally, the Court finds Plaintiff, who has not opposed this Motion, will suffer little in setting aside this default because no answer has yet been filed and discovery has not commenced.

Accordingly, finding good cause, the Court **GRANTS** Defendant Stewart's Motion to Set Aside Default and **DIRECTS** the Clerk of Court to **SET ASIDE** his default.

**CONCLUSION**

For the above-stated reasons, the Court **GRANTS** Defendant Swords and Stewart's Motions to Set Aside Default, (docs. 62, 64), and **SETS ASIDE** each Defendant's default. Defendants Swords and Stewart may proceed in defending against this action on the merits.

**SO ORDERED**, this 24th day of April, 2018.

_____

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA