# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

DAVID MICHAEL SLAUGHTER,

  Plaintiff,

v.

TOM GRAMIAK, et al.,

  Defendants.

CIVIL ACTION NO.: 5:15-cv-90

## ORDER

This matter is before the Court on the Magistrate Judge's March 20, 2018 Report and Recommendation. Dkt. No. 61. In the Report and Recommendation, the Magistrate Judge recommended that the Court grant in part and deny in part Defendants' Motion to Dismiss, dkt. no. 41, filed on behalf of Defendants Gramiak, Johnson, Crosby, Nunn, Kicklighter, Brad, Pratt, Cox, Adams, Jenkins, and the Georgia Department of Corrections. Following the Report and Recommendation, Defendants Swords and Stewart filed a Motion to Join Defendants' Motion to Dismiss. Dkt. No. 69. Additionally, Plaintiff lodged Objections to the Report and Recommendation, dkt. no. 67, but, after being directed by the Court to indicate whether he opposed Defendants Swords and

Stewart's Motion, dkt. no. 69, Plaintiff filed a Response that did not oppose this Motion, dkt. no. 71.[1]

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation as supplemented herein. Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Thus, for the reasons and in the manner set forth by the Magistrate Judge, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss. Dkt. No. 41. Additionally, the Court **DENIES** Plaintiff's request for appointment of counsel contained in Plaintiff's Objections. Further, the Court **GRANTS** Defendant Swords and Stewart's Motion to Join Defendants' Motion to Dismiss. Dkt. No. 69.

---

[1] Although Plaintiff entitled this pleading a "Motion for Leave to Amend," the Court's review reveals that this pleading opposes Defendant Bennett's currently pending Motion to Dismiss, dkt. no. 66, and does not propose any amendments. Dkt. No. 71. "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (per curiam) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381-82). Accordingly, in order to accurately reflect the contents of this pleading, the Court **AUTHORIZES** and **DIRECTS** the Clerk of Court to update the docket and label this pleading as a "Response in Opposition to Defendant Bennett's Motion to Dismiss."

## I. Plaintiff's Objections to the Report and Recommendation

Plaintiff, who is disabled, objects to the recommended dismissal of his Americans with Disabilities Act ("ADA") claim for injunctive relief as to an allegedly unsafe walkway he was subjected to while an inmate at Ware State Prison in Waycross, Georgia. Id. Plaintiff also complains of allegedly unsafe ambulatory conditions and ADA violations at Georgia State Prison in Reidsville, Georgia, the prison he was transferred to after being incarcerated at Ware State Prison, and at Coastal State Prison in Garden City, Georgia, where he is presently incarcerated. Id. As to Coastal State Prison, Plaintiff additionally claims that the showers there are in "dire need of repair" and are not suitably maintained for disabled inmates. Id.

However, as noted by the Magistrate Judge, objections to a report and recommendation are not a proper vehicle "through which to make new allegations or present additional evidence." Dkt. No. 61, p. 62; see also Williams v. McNeil, 557 F.3d 1287, 1290-91 (11th Cir. 2009) (determining that a district court does not abuse its discretion when it refuses to consider arguments not presented to the magistrate judge). Plaintiff's Objections improperly raise new and unrelated claims regarding Georgia State Prison and Coastal State Prison that cannot be asserted in his present cause of action regarding the conditions of his

confinement at Ware State Prison. Moreover, contrary to Plaintiff's understanding, the Magistrate Judge did not recommend the outright dismissal of Plaintiff's ADA claims. Rather, the Magistrate Judge correctly found that Plaintiff's claims for injunctive relief as to the walkway at Ware State Prison were moot in light of Plaintiff's transfer to a different facility. See Wahl v. McIver, 773 F.2d 1169, 1173-74 (11th Cir. 1985) (per curiam).

Accordingly, for the reasons stated by the Magistrate Judge, the Court and **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss, dkt. no. 41. The Court **DISMISSES** all of Plaintiff's remaining claims against Defendants Ritter, Pratt, Cox, Adams, Jenkins, and Crosby. The Clerk of Court shall reflect on the docket that these five Defendants are **TERMINATED** as Defendants in this case. The Court **DISMISSES** Plaintiff's failure to intervene claim against Defendant Brad; **DISMISSES** Plaintiff's deliberate indifference to serious medical needs claims against Defendants Gramiak and Johnson; **DISMISSES** Plaintiff's deliberate indifference to health and safety claims against Defendants Nunn, Kicklighter, and Brad; and **DISMISSES as moot** Plaintiff's claim for injunctive relief as to the challenged walkway.

Plaintiff's other Eighth Amendment claims against Defendants Nunn, Kicklighter, Brad, Gramiak, and Johnson, First

Amendment claims against Defendants Gramiak and Johnson, and Americans with Disability Act claims against Defendant Georgia Department of Corrections shall remain pending before the Court.

## II. Plaintiff's Motion to Appoint Counsel

In his Objections, Plaintiff also moves for the appointment of counsel. Plaintiff states that he "is suffering from PTSD and depression due to the original filing and doesn't have the mental capacity to continue arguments in his case." Dkt. No. 67, p. 2. In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (per curiam) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should

AO 72A
(Rev. 8/82)

be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (per curiam) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated and is currently suffering from mental distress, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; and Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from

AO 72A
(Rev. 8/82)

6

presenting "the essential merits of his position" to the Court, notwithstanding his current mental state. In fact, Plaintiff's Objections offer proof of his continued ability to present his case to the Court. For these reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

### III. Defendants Swords and Stewart's Motion to Join Defendants' Motion to Dismiss Dkt. No. 69

As noted in the Magistrate Judge's Report and Recommendation, Defendants' Motion to Dismiss was not filed on behalf of several Defendants in this case, including Defendants Swords and Stewart. Dkt. No. 61, p. 1 n.1. The Court set aside Defendants Swords and Stewart's default, dkt. no. 68, and these Defendants now move to join and incorporate fully the subject Motion to Dismiss, dkt. no. 69. Defendants Swords and Stewart contend that Plaintiff's factual allegations against Defendants Nunn and Kicklighter, who were included in the Magistrate Judges' recommended dismissal, are "essentially the same" as the allegations against them. Dkt. No. 69, p. 2. Thus, Swords and Stewart seek to incorporate and advance Nunn and Kicklighter's arguments for dismissal. Id.

The Court directed Plaintiff to respond to this Motion as well as Defendant Bennett's pending Motion to Dismiss, dkt. nos. 66, 70, and Plaintiff duly responded, dkt. no. 71. Plaintiff's Response, while opposing Defendant Bennett's pending Motion,

does not indicate any opposition to Defendants Swords and Stewart's Motion to Join. Id. Instead, Plaintiff takes issue with these Defendants earlier untimely response and default, id., which the Court already determined should be set aside, dkt. no. 68. Even if Plaintiff had directly opposed Defendant Swords and Stewart's Motion to Join Defendants' Motion to Dismiss, Swords and Stewart's Motion is due to be granted for the reasons and in the manner set forth by the Magistrate Judge's Report and Recommendation, dkt. no. 61, pp. 28-31, 32-38, 52-53.

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal punctuation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

At frivolity review, the Court found Plaintiff to have stated plausible excessive force and deliberate indifference claims against Defendants Swords and Stewart. Dkt. No. 12, pp. 10-11, 12-16, 21; Dkt. No. 29. In their Motion to Join, Defendants Swords and Stewart seek to incorporate the following arguments previously advanced on behalf of Defendants Nunn and Kicklighter in the earlier Motion to Dismiss: failure to state deliberate indifference to health and safety claims regarding the unsafe walkway at Ware State Prison; failure to state deliberate indifference to serious medical claims; and qualified immunity.[2] Dkt. No. 69, pp. 2-3. The Magistrate Judge

---

[2] They, however, do not move to dismiss the excessive force claim currently pending against them. Dkt. No. 69, p. 2 n.2.

recommended the Court deny Defendant Nunn and Kicklighter's earlier Motion to Dismiss as to the serious medical needs claims and qualified immunity as to these claims, but grant it as to the health and safety claims. Dkt. No. 61, pp. 2, 28-31, 32-38, 52-53.

A thorough review of Plaintiff's Complaint, dkt. nos. 1, 17, and the two subject Motions clearly shows that Plaintiff's allegations against Defendants Swords and Stewart exactly parallel those made against Defendants Nunn and Kicklighter. Indeed, Plaintiff alleges Defendants Swords and Stewart acted in concert with Defendants Nunn and Kickligter in attacking him and denying him medical care following the attack. Id. Likewise, as with Defendants Nunn and Kickligher, Plaintiff fails to allege facts which show that Defendants Swords and Stewart had the requisite subjective knowledge of Plaintiff's concerns about the allegedly unsafe walkway. Id. Accordingly, the Court **GRANTS** Defendant Swords and Stewart's Motion to Join Defendants' Motion to Dismiss. Dkt. No. 69.

As such, and for the reasons and in the manner set forth by the Magistrate Judge in his March 20, 2018 Report and Recommendation, the Court **DISMISSES** Plaintiff's deliberate indifference to health and safety claims against Defendants Swords and Stewart, see dkt. no. 61, pp. 32-38. However, Plaintiff's excessive force and deliberate indifference to

serious medical needs claims against these Defendants shall remain pending before the Court, see id. at 25-26, 28-32, 52-53.

**CONCLUSION**

For the reasons and in the manner stated herein, the Court **OVERRULES** Plaintiff's Objections, dkt. no. 71, **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, dkt. no. 61, and **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss, dkt. no. 41. Further, the Court **DENIES** Plaintiff's Motion to Appoint Counsel, dkt. no. 67, and **GRANTS** Defendant Swords and Stewart's Motion to Join Defendants' Motion to Dismiss, dkt. no. 69.

For the purpose of clarity, the Court notes that the following claims and Defendants remain before the Court:

- Plaintiff's Eighth Amendment claims (excessive force) against Defendants Nunn, Kicklighter, Swords, and Stewart;

- Plaintiff's Eighth Amendment claims (deliberate indifference to serious medical needs) against Defendants Nunn, Kicklighter, Swords, Stewart, and Brad;

- Plaintiff's Eight Amendment claims (deliberate indifference to health and safety) against Defendants Gramiak and Johnson;

- Plaintiff's First Amendment claims (failure to stop) against Defendants Gramiak and Johnson;
- Plaintiff's Americans with Disability Act claims against Defendant Georgia Department of Corrections.[3]

**SO ORDERED**, this 23 day of July, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Plaintiff also has Eighth Amendment claims (failure to intervene and deliberate indifference) that remain against Defendant Bennett. Dkt. Nos. 12, 29, 61. As noted above, Defendant Bennett has a Motion to Dismiss currently pending. Dkt. No. 66.