IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DAVID MICHAEL SLAUGHTER,<br><br>Plaintiff,<br><br>v.<br><br>TOM GRAMIAK, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 5:15-cv-90<br><br>FILED<br>Scott L. Poff, Clerk<br>United States District Court<br><br>*By casbell at 10:13 am, Dec 19, 2019* |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Bennett's Motion to Dismiss and the State Defendants' Motion for Clarification or, in the Alternative, for Extension of Discovery. Docs. 66, 81. Defendant Bennett makes this Motion through special appearance and without subjecting herself to the personal jurisdiction of the Court. For the reasons that follow, I **RECOMMEND** the Court **DENY** Defendant Bennett's Motion to Dismiss. Further, the Court **ORDERS** the United States Marshals Service to make a reasonable effort to locate Defendant Bennett and to personally serve her with a copy of Plaintiff's Complaint, doc. 1, as well as Documents 12 and 29. The Court expects the Marshals' efforts to serve Defendant Bennett may include contacting representatives of the Georgia Department of Corrections or the Georgia Attorney General's Office to obtain Defendant's last known address. Similarly, the need may arise for the Marshals to contact Defendant's retained counsel or the Georgia Secretary of State's Office, where information regarding Defendant Bennett's current or inactive professional nursing license may be obtained. The Court **ORDERS** those persons and entities to provide the United States Marshals with Defendant Bennett's last known addresses and any other information they may

have regarding Defendant's whereabouts.  Additionally, given the inherent security concerns surrounding Defendant's personal information, the United States Marshals shall not publicly disclose any information regarding Defendant Bennett's residence or location and shall redact any such information from any materials filed on the docket in this case.

Additionally, I **GRANT** the State Defendants' Motion for Clarification, noting the stay put in place on October 24, 2016, doc. 45, should have been lifted on July 23, 2018, when the Court ruled on Defendants' motion to dismiss.  Doc. 74.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 *et seq.*, contesting certain conditions of his confinement while he was incarcerated at Ware State Prison ("WSP") in Waycross, Georgia.  Doc. 1.  Plaintiff's original Complaint was filed on November 15, 2015 and relates to events that occurred on February 28, 2015.  Doc. 1.  In his original Complaint, Plaintiff named eleven Defendants, including one unidentified contract nurse.  Id.  The Court reviewed these claims in accordance with 28 U.S.C § 1915, and on March 4, 2016, the Court found that the claims against the unidentified nurse be allowed to proceed without the payment of civil filing fees.  Doc. 11.  In this same Order, the Court directed the United States Marshals Service and the Georgia Department of Corrections to assist Plaintiff in identifying the unnamed nurse.  Id. at 2.  The Court also gave Plaintiff 75 days from any Defendant's first answer to amend his complaint with the name of the unidentified nurse.  Id.

In supplemental Complaints filed on March 21 and April 28, 2016, Plaintiff named "Nurse Bennett" as a Defendant.  Docs. 17, 25.  This Court, in its May 11, 2016 Order adopting the Magistrate Judge's Report and Recommendation, acknowledged Plaintiff had informed the

2

Court of the identity of the unnamed Defendant, directed the Clerk of Court to change the name of this Defendant to "Ms. Bennett, Nurse," and directed the Marshals Service to serve Ms. Bennett. Doc. 29 at 3, 7–8.

Following the Court's Order, the Marshals Service attempted to serve Defendant Bennett at WSP but was unsuccessful, and the service waiver was returned as unexecuted on November 8, 2016. Doc. 50. In an Order issued November 16, 2016, this Court directed the Marshals Service to make further efforts to serve Ms. Bennett and directed relevant government agencies to assist the Marshals Service in doing so. Doc. 53. In that Order, the Court, concerned with the privacy of individuals no longer employed at the Georgia Department of Corrections, ordered personal addresses redacted from the service of process documents. Id. at 4. On December 13, 2016, a return of service form was entered as executed as to Ms. Bennett, indicating that a "William Bennett" had accepted service. Doc. 55. On April 3, 2018, through a special appearance, Defendant Bennett filed her Motion to Dismiss. Doc. 66-1.

## DISCUSSION

**I.    Whether Plaintiff's Claims are Barred by Statute of Limitations**

In her Motion, Defendant argues the applicable two-year statute of limitations has passed, barring Plaintiff's claims against her. Id. at 7. Defendant cites Wayne v. Jarvis, 197 F.3d 1098 (11th Cir. 1999), *overruled in part on other grounds by* Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003), for the proposition that identifying a Jane Doe Defendant is equivalent to amending the complaint and adding a new party, and such an amendment would not relate back under Federal Rule of Civil Procedure 15(c) to the original complaint for statute of limitations purposes. Id.

This Court agrees the statute of limitations period for an action brought in Georgia under 42 U.S.C. § 1983 is two years. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986) (finding a two-year limitations period for all § 1983 claims in Georgia). This Court also acknowledges the Eleventh Circuit's decision in Wayne but finds the present case to be factually distinguishable.

In Wayne, the pro se, prisoner-plaintiff filed his initial complaint just days before the statute of limitations period was set to expire. 197 F.3d at 1101. In his original complaint, the plaintiff named "seven unknown deputy sheriffs" as defendants. Id. The plaintiff did not move to amend his complaint to add the names of the unknown deputies until three months after the expiration of the statute of limitations period and had not properly served all of the then-named defendants until seven months after its expiration. Id. The district court granted defendants' motion to dismiss on the ground that defendants had not been properly served before the expiration of the statute of limitations period, and the Eleventh Circuit affirmed that dismissal. Id. The Eleventh Circuit reasoned that replacing "John Does" with specifically named defendants constitutes a change in the parties sued. Id. at 1102. The court also reasoned that, because the plaintiff changed the parties after the statute of limitations had expired, his claims against those defendants were barred, unless he could demonstrate, under Rule 15(c), the amended complaint identifying the defendants related back to the original complaint which was filed before the statute ran. Id. at 1103.

Here, the Court considers whether the pleading relates back for the purposes of Rule 15(c). A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. The dates on which Plaintiff filed his supplemental Complaints naming Defendant Bennett—and the dates on which the Court recognized this substitution and the Clerk of Court amended the

4

docket—all fall comfortably within the statute of limitations period.¹  Accordingly, and in keeping with the Eleventh Circuit's holding in Wayne, Plaintiff's claims against Defendant Bennett were brought within the applicable statute of limitations period.

## II.    Whether Plaintiff Timely Served Defendant Bennett

The Court turns now to the issue of timely and effective service of process.  Defendant Bennett argues Plaintiff's claims against her should be dismissed because process was not properly served in a timely manner.  Doc. 66-1 at 5–6.  Federal Rule of Civil Procedure 4(m) lays out the timing requirements for service of process.  Rule 4(m) states, in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Eleventh Circuit has held that a district court has the discretion to extend the time for service of process even in the absence of a showing of good cause.  Horenkamp v. VanWinkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).

Here, Plaintiff has not entirely ignored his obligation to provide a current address where Defendant Bennett might be served.  Plaintiff identified this Defendant in his Complaint and provided the address of her place of employment.  However, it appears Defendant Bennett is no longer an employee or contractor of WSP.  Given Plaintiff's incarcerated status, he is unable to identify the current places of employment or residence of Defendant Bennett, through no fault of

---

¹ Defendant also argues that "Nurse Bennett" or "Ms. Bennett" are insufficient to properly identify "Nurse Bennett-Patten," or as Defendant's Motion refers to her, "Nurse Patten." Doc. 66-1 at 6. This argument is unavailing. As noted elsewhere, Plaintiff is a pro se prisoner with limited means of identifying potential defendants. Likewise, it should be noted Defendant Bennett's professional license information lists her name as "Carolyn Sue Bennett," not "Carolyn Sue Patten" or "Carolyn Sue Bennett-Patten," so it is not illogical for Plaintiff, who knows Defendant in her professional nursing capacity, to have used her professional name. Georgia Secretary of State Professional Licensing Verification, http://verify.sos.ga.gov/verification/Search.aspx (last visited Dec. 19, 2019).

5

his own. Here, although there is ample reason to infer good cause, the Court need not require an affirmative showing from Plaintiff. Id. Accordingly, the Court finds it in the interest of justice to extend the time period of service to **February 3, 2020**.

### III.  The State Defendants' Motion for Clarification

The State Defendants have requested clarification of the discovery schedule in the instant case. Doc. 81. On October 3, 2016, Defendants Gramiak, Johnson, Nunn, Kicklighter, Kickox, and the Georgia Department of Corrections filed a Rule 12(b) motion to dismiss. Doc. 41. On October 18, 2016, these same Defendants moved to stay proceedings pending a ruling on their motion to dismiss. Doc. 43. On October 24, 2016, then United States Magistrate Judge R. Stan Baker entered an Order granting the motion to stay, ordering that all proceedings be stayed pending ruling on the motion to dismiss and stating that a discovery schedule would be entered as to any claims that may remain after such ruling. Doc. 45. On July 23, 2018, the Court entered an Order granting in part and denying in part the State Defendants' motion to dismiss. Doc. 74.

The stay put in place on October 24, 2016, doc. 45, should have been lifted automatically when the Court entered final ruling on Defendants' motion to dismiss but was not. Thus, I **GRANT** the State Defendants' Motion for Clarification or, in the Alternative, for Extension of Discovery. Doc. 81. Because this stay should have been lifted and no scheduling notice has issued, the Court sets the following deadlines:

| | |
|---|---:|
| LAST DAY FOR FILING MOTION TO AMEND OR ADD PARTIES | January 21, 2020 |
| CLOSE OF DISCOVERY | May 7, 2020 |
| LAST DAY TO FILE ALL MOTIONS EXCLUDING MOTIONS IN LIMINE | June 8, 2020 |

PRE-TRIAL ORDER DUE                                                                                             July 8, 2020

## CONCLUSION

After due consideration and for the reasons set forth above, I **RECOMMEND** the Court **DENY** Defendant Bennett's Motion to Dismiss.  Further, the Court **ORDERS** the United States Marshals Service to make a reasonable effort to locate Defendant Bennett and to personally serve her with a copy of Plaintiff's Complaint, doc. 1, as well as Documents 12 and 29.

In addition, I **GRANT** the State Defendants' Motion for Clarification, noting the stay put in place on October 24, 2016, doc. 45, should have been lifted on July 23, 2018, when the Court ruled on these Defendants' motion to dismiss.  Doc. 74.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  However, Plaintiff may amend the Complaint to cure any deficiencies noted in this Report and Recommendation.  See Fed. R. Civ. P. 15.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity

7

requirement set out above will not be considered by a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of December, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA