## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

DAVID MICHAEL SLAUGHTER,

       Plaintiff,

    v.

TOM GRAMIAK, et al.,

       Defendants.

CIVIL ACTION NO.: 5:15-cv-90

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Bennett-Patten's Motion for Summary Judgment.[1]  Doc. 115.  For the reasons discussed below, I **RECOMMEND** the Court **GRANT** Defendant's Motion and **DENY** Plaintiff *in forma pauperis status* on appeal.

### BACKGROUND

Plaintiff brought this 42 U.S.C. § 1983 action concerning an assault he claims occurred while he was incarcerated at Ware State Prison.  Doc. 1.  In his Complaint, Plaintiff asserts he was attacked by several correctional officers on February 28, 2015.  Plaintiff states he was taken to the medical unit after this occurred where he was treated by an unidentified female nurse. After conducting frivolity review of Plaintiff's Complaint, the Court determined Plaintiff stated a plausible failure to intervene claim and deliberate indifference claim against the unidentified female nurse.  Doc. 29.  The Court directed service on Defendant Bennett-Patten after Plaintiff later identified her as one of the nurses who treated him.  Docs. 16, 29.  Defendant Bennett-

---

[1]      The docket identifies this Defendant as "Defendant Bennett," but she refers to herself as "Defendant Bennett-Patten" in all of her Court filings.  Therefore, the Court instead refers to her as Defendant Bennett-Patten throughout this Report and Recommendation.

Patten is the only Defendant who has moved for summary judgment in this case.[2]  Plaintiff has

not responded to Defendant's Motion for Summary Judgment, despite being directed by the

Court to do so.  Doc. 117.  Because Plaintiff has not responded, he has not specifically admitted

or denied Defendant's statement of facts.  Therefore, all of the material facts Plaintiff has not

addressed are deemed admitted.  Fed. R. Civ. P. 56; Local R. 56.1.

## UNDISPUTED MATERIAL FACTS

At the time of the events alleged in Plaintiff's Complaint, Plaintiff was housed at Ware

State Prison.  Doc. 115-2 at 1.  Defendant Bennett-Patten served as a nurse in the medical unit at

Ware State Prison.  Id. at 2.  On or about February 28, 2015, Plaintiff was brought by

correctional officers to a medical examination room in the medical unit at the prison on a gurney.

Id.  Plaintiff suffers from a condition which causes him to have pseudo seizures, and Plaintiff had

such a seizure just prior to being brought to the medical unit on February 28, 2015.  Id.  Plaintiff

does not remember what happened from the time he was placed on the medical cart until he

arrived outside the medical unit building.  Id.  When Plaintiff arrived in the examination room in

the medical unit, Nurse Bennett-Patten was already in the examination room.  Id.  Once in the

medical examination room, he was transferred from the gurney and put on "the little observation

bed" or "examination table."  Id. at 4.  Plaintiff was in the examination room approximately

between 6 and 29 minutes.  Id. at 2.  While Plaintiff was in the medical examination room, no

one struck, kicked, punched, or assaulted him anyway.  Id.

Both medical records and Plaintiff's testimony indicate Plaintiff's seizures were known

to be non-epileptic.  Id. at 4.  Plaintiff's seizures were believed to be stress induced and a

---

[2]  Defendants in this action have filed various motions, resulting in the dismissal of some claims, while other claims remain pending.  Doc. 74 (describing pending claims).  This Report concerns only the pending claims against Defendant Bennett-Patten.

psychological or mental reaction.  Id.  Defendant Bennett-Patten examined Plaintiff.  Id. at 5. Plaintiff was rolled "over to the other side" for observation.  Id.  Defendant Bennett-Patten told the officers to roll Plaintiff over, from one side to the other, so she could examine him.  Id. Plaintiff's injuries made known to Defendant Bennett-Patten were minor or de minimis, consisting of some visible cuts, scrapes, swelling, and bruises in small areas on Plaintiff's ankles, wrists, face, and neck.  Id. at 5–6.  These are all injuries which could have resulted from seizure-like actions.  Id. at 4.

Defendant Bennett-Patten was not present during any of the alleged beatings of Plaintiff. Id. at 3. Defendant Bennett-Patten was not present during any of the alleged excessive force against Plaintiff which occurred prior to Plaintiff entering the medical examination room.  Id. While in the examination room, Plaintiff was afraid, and so he did not make any medical complaints.  Id.  While in the examination room, Plaintiff did not state he was in pain due to any particular injury or otherwise complain about any injury.  Id.

After being in the examination room, Plaintiff was taken by the officers on a gurney to the ID room and did not see Defendant Bennett-Patten again regarding any of his allegations or complaints raised in the instant action.  Id. at 3.  Defendant Bennett-Patten was not present during the alleged excessive force against Plaintiff which occurred after Plaintiff left the medical examination room.  Id.

## DISCUSSION

### I.   Legal Standard

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is

inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, there must exist a conflict in substantial evidence to pose a jury question."  Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).  "If the evidence [produced by the nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law.  See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law."  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial.  See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).  Once the party moving for summary judgment satisfies its initial burden, the burden shifts to the non-moving party to come forward with specific facts showing a genuine dispute for trial.  Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019).  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## II.     Analysis

### A.     Failure to Intervene

In his Complaint, Plaintiff suggests Defendant Bennett-Patten failed to intervene during an assault committed by other correctional officers.  Doc. 1 at 6.  Even as a non-participant, an officer can be held liable separately for failing to take reasonable steps to protect a prisoner from excessive force under the Eighth Amendment.  Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (citing Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)).  However, the officer must have been "in a position to intervene" to be held liable.  Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998).  The plaintiff bears the burden of demonstrating "the defendant was in a position to intervene but failed to do so."  Id. (citing Hadley v. Gutierrez, 526 F.3d 1324, 1330–31 (11th Cir. 2008)).

Defendant argues Plaintiff cannot prove a failure to intervene claim because he cannot show she was physically in a position to intervene during the assaults.  Doc. 115-1 at 10–11.  In support of this argument, Defendant points to Plaintiff's deposition testimony in which he stated no force was used while he was in the examination room with Defendant Bennett-Patten, nor was she present during the use-of-force which occurred outside the examination room.  Id. at 57–58.

Because he has not responded, Plaintiff does not dispute Defendant Bennett-Patten was not present during the excessive force or that no force occurred while he was in the examination room.  Plaintiff also does not dispute he did not inform Defendant Bennett-Patten of the assault or any severe injuries while she was examining him.  Given these undisputed facts, Plaintiff cannot show Defendant Bennett-Patten was in a position to intervene because she was not physically present during the excessive force.  There is no evidence in the record tending to show Defendant Bennett-Patten had an opportunity to intervene in the assault, she observed any assault

take place, or even that she knew any assault had occurred.  See Ensley, 142 F.3d at 1408

(finding no evidence in the record of observation or opportunity).  For this reason, no reasonable

jury could find Defendant Bennett-Patten was in a position to intervene in the assault against

Plaintiff.  Therefore, I **RECOMMEND** the Court **GRANT** Defendant Bennett-Patten's

unopposed Motion for Summary Judgment as to Plaintiff's failure to intervene claim.

### B.    Deliberate Indifference[3]

The United States Supreme Court has interpreted the Eighth Amendment Cruel and

Unusual Punishment Clause to prohibit "deliberate indifference to serious medical needs of

prisoners."  Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting Estelle v. Gamble,

429 U.S. 97, 102 (1976)).  To prove a deliberate indifference to medical treatment claim, a

plaintiff must demonstrate: (1) a serious medical need; (2) deliberate indifference to the need;

and (3) a causal connection between the constitutional violation and plaintiff's injury.  Id.

The first element is an objective inquiry.  Goebert v. Lee County, 510 F.3d 1312, 1326

(11th Cir. 2007).  A serious medical need "is one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention."  Id. (quotation and citation omitted).  "In the alternative, a

serious medical need is determined by whether a delay in treating the need worsens the

condition."  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009).  "In either of these

situations, the medical need must be 'one that, if left unattended, pos[es] a substantial risk of

---

[3]      In her brief, Defendant also moves for summary judgment as to Plaintiff's possible claim against
her for exposing Plaintiff to an unsafe walkway.  Doc. 115-1 at 15–17.  However, nothing in Plaintiff's
Complaint or Supplemental Complaint indicates Defendant Bennett-Patten or the unidentified female
nurse exposed Plaintiff to the walkway.  Docs. 1, 17.  Thus, the Court finds such a claim is not pending
against Defendant Bennett-Patten.  Moreover, there is absolutely no evidence in the record tending to
show Defendant Bennett-Patten committed any constitutional violation related to the walkway.

serious harm.'" <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting <u>Taylor v. Adams</u>, 221 F.3d 1254, 1258 (11th Cir. 2000)).

On the one hand, in <u>Aldridge v. Montgomery</u>, 753 F.2d 970 (11th Cir. 1985), the Eleventh Circuit considered whether jail officers violated the Eighth Amendment by delaying to take a detainee to the hospital for an inch and a half cut on the face.  The plaintiff continued to bleed for two hours while in a holding cell, which resulted in a significant pool of blood on the floor.  <u>Id.</u> at 972–73.  The plaintiff ultimately received six stitches in his face once he was taken to the hospital.  <u>Id.</u>  The Eleventh Circuit held the district court improperly granted a directed verdict in favor of defendants, presumably finding the plaintiff's injuries amounted to a serious medical need without specifically discussing the point.  <u>Id.</u> at 973.

On the other hand, in <u>Fernandez v. Metro Dade Police Dep't</u>, 397 F. App'x 507, 512 (11th Cir. 2010), the Eleventh Circuit considered whether a bleeding nose and mouth, facial bruising, pain, disorientation, and blood clots as a result of blows to the face and body by an officer amounted to a serious medical need.  The Eleventh Circuit held the case was distinguishable from <u>Aldridge</u> because the plaintiff did not suffer from any open wounds or other injuries which would have required immediate medical attention.  <u>Id.</u> at 513.  Therefore, the court held the plaintiff's injuries did not amount to a serious medical need, reasoning "delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a constitutional violation." <u>Id.</u> at 512.  Numerous district courts have also held injuries such as cuts and bruises resulting from an assault do not amount to a serious medical need under the Eighth Amendment. <u>See, e.g.</u>, <u>Lelieve v. Oroso</u>, 846 F. Supp. 2d 1294, 1304 (S.D. Fla. 2012) (holding injuries resulting from kicking and stomping by officer were not a serious medical need when medical staff released him after fininishing the examination); <u>Wilson v. Hinton</u>, No. 3:17-

CV-1045-J-34, 2019 WL 652511, at *15 (M.D. Fla. Feb. 15, 2019) (holding cuts on face and shoulder along with pain from handcuffs not a serious medical need); Willacy v. City of Brevard, Case No. 04-cv-1666Orl-18, 2007 U.S. Dist. LEXIS 23871, at *26–27 (M.D. Fla. Mar. 30, 2007) (holding multiple lacerations, contusions, and bruising after assault, burning sensation in eyes causing blindness, and emotional trauma not serious medical needs when he only only received wound care and did not seek anything further).

Defendant argues Plaintiff cannot prove a deliberate indifference claim against her because he cannot show an objectively serious medical need. Doc. 115-1 at 19–24. Defendant asserts the only physical injuries Plaintiff suffered from were cuts, bleeding, and swelling in his ankles, wrists, neck, and face, which Plaintiff confirmed during his deposition. Id. at 22–23. Defendant asserts these are superficial injuries which did not necessitate medical attention. Id. Additionally, Defendant states she was only on notice Plaintiff should be examined for his pseudo seizure because Plaintiff did not inform her of any assault, which he also confirmed during his deposition. Id. at 23–24. Defendant contends she examined Plaintiff prior to any further injuries inflicted during the alleged second assault, which occurred after he left the examination room. Id. at 23.

Plaintiff has not produced any evidence tending to show his injuries were so serious a lay person or even a medical professional would recognize a need for treatment. In his deposition, Plaintiff only describes his injuries as cuts, swelling, and bruises. Doc. 115-1 at 64, 75–79. Like in Fernandez, Plaintiff did not suffer from any severe open wounds and his injuries were largely superficial based on the evidence before the Court at this time. 397 F. App'x at 513. "[D]elay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a constitutional violation." Id. at 512. Additionally, there is no evidence in the record

suggesting any delay in treatment worsened Plaintiff's conditions.  Plaintiff has not shown his

cuts, bruises, and swelling, if left unattended, posed a substantial risk of serious harm.  Thus, no

reasonable jury could find Plaintiff suffered from a serious medical need when he presented to

Defendant Bennett-Patten.  Defendant cannot be held responsible for Plaintiff's injuries after he

left the examination room because there is no evidence tending to show Plaintiff sought further

treatment from her after the second assault.  For this reason, I **RECOMMEND** the Court

**GRANT** Defendant's unopposed Motion for Summary Judgment as to Plaintiff's deliberate

indifference claim.

### C.      Qualified Immunity

Qualified immunity shields officials from civil liability so long as their conduct "does not

violate clearly established statutory or constitutional rights of which a reasonable person would

have known." Crocker v. Beatty, No. 18-14682, 2021 WL 1540665, at *1 (11th Cir. Apr. 20,

2021) (citing Mullenix v. Luna, 577 U.S. 7, 11 (2015)).  When qualified immunity applies, it is

"an immunity from suit rather than a mere defense to liability." Id. (citing Mitchell v. Forsyth,

472 U.S. 511, 526 (1985)).  The doctrine shields "all but the plainly incompetent or those who

knowingly violate the law." Id. (citing Gates v. Khokhar, 884 F.3d 1290, 1296 (11th Cir.

2018)).

"To receive qualified immunity, the officer must first show that he acted within his

discretionary authority." Id. (citing Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1291 (11th

Cir. 2009)).  Where it is undisputed the officer was acting within her discretionary authority, it

falls to the plaintiff to "show that qualified immunity should not apply." Id.  To do so, the

plaintiff must allege facts establishing both (1) the officer violated a constitutional right, and (2)

the relevant right was "clearly established" at the time of the alleged misconduct. Id. (citing

Jacoby v. Baldwin County, 835 F.3d 1338, 1344 (11th Cir. 2016)).  The court considering the issue may address either prong or both.  Id. (citing Pearson v. Callahan, 555 U.S. 223, 231, (2009)).

On the second prong, only decisions of the United States Supreme Court, the Eleventh Circuit Court of Appeals, or the highest court in a state can "clearly establish" the law.  Id. (citing Gates, 884 F.3d at 1296).  Because only clearly established law gives an officer "fair notice that her conduct was unlawful," the Supreme Court has held the contours of the constitutional right at issue "must be sufficiently clear [so] that a reasonable official would understand that what [s]he is doing violates that right."  Id. (citing Brosseau v. Haugen, 543 U.S. 194, 198 (2004), and Hope v. Pelzer, 536 U.S. 730, 739 (2002)).

Under the Eleventh Circuit precedent, a right can be clearly established in one of three ways.  Id.  The plaintiff must point to either (1) "case law with indistinguishable facts," (2) "a broad statement of principle within the Constitution, statute, or case law," or (3) "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." Id. (citing Lewis, 561 F.3d at 1291–92).  Although options two and three can suffice, the Supreme Court has warned the courts not to "define clearly established law at a high level of generality."  Id. (citing Plumhoff v. Rickard, 572 U.S. 765, 779 (2014)).  Therefore, the second and third paths are "rarely-trod ones."  Id. (citing Gaines v. Wardynski, 871 F.3d 1203, 1209 (11th Cir. 2017)).  And when a plaintiff relies on a "general rule" to show the law is clearly established, the rule must apply with "obvious clarity to the circumstances."  Id. (citing Long v. Slaton, 508 F.3d 576, 584 (11th Cir. 2007), and Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010) ("[I]f a plaintiff relies on a general rule, it must be obvious that the general rule applies to the specific situation in question.")).

Defendant argues she is entitled to qualified immunity for both of Plaintiff's claims because she did not violate clearly established law.  Doc. 115-1 at 11–15, 19–24.  Defendant states she acted within her discretionary authority during the events in question.  Id. at 12. Plaintiff has not disputed Defendant acted within her discretionary authority because he has not responded to the Motion.

First, Defendant asserts Plaintiff cannot show she violated clearly established law by failing to intervene in the assault committed by other correctional officers.  Id. at 11–15. Although Defendant concedes the Eleventh Circuit has clearly established a failure to intervene claim, Defendant argues this right has not been extended to non-law enforcement prison employees like nurses.  Id. at 13.  Because Plaintiff has not responded to Defendant's Motion, Plaintiff has not satisfied his burden of pointing to clearly established law in any of the three above-discussed categories.  In addition, the Court is not aware of any binding authority which shows a non-law enforcement prison employee can be held liable for a failure to intervene in a correctional officer's use of excessive force.  In fact, there is persuasive authority suggesting the opposite.  Ali v. McAnany, 262 F. App'x 443, 446 (3d Cir. 2008) ("The claim against Hoffman is also subject to dismissal because she is not a corrections officer and thus did not have a duty to intervene . . . .").  There is currently a circuit split regarding whether non-law enforcement prison employees have a duty to intervene in excessive force cases.  Compare id., with Durham v. Nu'Man, 97 F.3d 862, 868 (6th Cir. 1996) (holding nurse was on notice a failure to intervene violated the Constitution); see Slaughter v. Bryson, No. 5:15-CV-90, 2018 WL 1400976, at *24 (S.D. Ga. Mar. 20, 2018) (discussing circuit split and granting qualified immunity to nurse); Wilson v. Strong, 156 F.3d 1131, 1135 (11th Cir. 1998) (holding animal control officer was entitled to qualified immunity in non-prisoner case).  Because the Eleventh Circuit has not

weighed in on this circuit split, Defendant did not have fair notice that a nurse's failure to intervene violates the Eighth Amendment.  Therefore, Defendant is entitled to qualified immunity on this claim.

Second, Defendant asserts Plaintiff cannot show she violated clearly established law by failing to treat Plaintiff for his injuries.  Doc. 115-1 at 24.  Because Plaintiff has not responded to Defendant's Motion, Plaintiff has not satisfied his burden of pointing to clearly established law in any of the above-discussed three categories.  Further, the Court is not aware of any authority holding minor cuts, swelling, and bruises constitute serious medical needs for purposes of a deliberate indifference claim.  As previously discussed, the case law in this Circuit holds these are not typically injuries that amount to a serious medical need absent special facts showing the inmate needs medical treatment.  Fernandez, 397 F. App'x at 512–13.  For this reason, Defendant did not have fair notice Plaintiff's cuts, swelling, and bruises, as he described them in his deposition, amounted to a serious medical need under the Eighth Amendment.  Therefore, Defendant is entitled to qualified immunity on this claim as well.

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims and Defendant's unopposed Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **GRANT** Defendant's unopposed Motion for Summary Judgment and **DENY** Plaintiff *in forma pauperis status* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely,

written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 19th day of May, 2021.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA